## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| LANCE TRAMMEL, ) | CASE NO. 4:07CV00056 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE PETER C. ECONOMUS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | MEMORANDUM OPINION AND |
| Respondent. ) | ORDER |

This matter is before the Court upon Petitioner, Lance Trammel's, *pro se* motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255.  (Dkt. # 1).

## I.    FACTUAL BACKGROUND

On February 15, 2001, this Court sentenced Petitioner, Lance Trammel, ("Petitioner") to a term of imprisonment of 140 months.  (Case No. 4:00CR00176, Dkt. # 51, 52). Petitioner filed a timely appeal.  (Case No. 4:00CR00176, Dkt. # 59).  On October 17, 2001, the Sixth Circuit affirmed his conviction.  (Case No.  4:00CR00176, Dkt. #s 60, 61). Petitioner filed a motion for reduction of sentence on February 2, 2002, and again on March 19, 2004.  (Case No. 4:00CR00176, Dkt. #s 62, 64).  This Court denied Petitioner's motion on May 11, 2004.  (Case No. 4:00CR00176, Dkt. # 65).

On January 9, 2007, Petitioner filed the instant petition under 28 U.S.C. § 2255. (Dkt. # 1).  Respondent filed a memorandum in opposition on February 6, 2007. (Dkt. # 4). Petitioner filed a written reply on February 28, 2007.  (Dkt. # 5).

## II.    STANDARD OF REVIEW

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process."  Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

## III.    ANALYSIS

As amended, 28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion more than one year after the conviction becomes final. 28 U.S.C. § 2255; see, eg., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000).  Moreover, in Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitation period is a statute of limitation.

Generally, the operative date from which the limitations period begins to run is "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255, ¶ 6(1); See Dodd v. United States, 545 U.S. 353 (2005). "The conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final, for the purposes of 28 U.S.C. § 2255, 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been

2

filed.'"  Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005)(citing Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir.2004).  As Petitioner did not file a petition for a writ of certiorari, his conviction became final 90 days following the Sixth Circuit's order affirming this Court's conviction and sentence.  Therefore, Petitioner's conviction became final, for § 2255 purposes, on January 15, 2002.  Petitioner had one year, or until January 15, 2003, to file a motion under § 2255.  As Petitioner failed to file within that one year period, he is time barred from filing this motion.

However, in his § 2255 motion, Petitioner claims that his sentence in the underlying criminal proceeding violated his Sixth Amendment rights under the United States Constitution, as outlined by the decision in United States v. Booker, 543 U.S. 220 (2005). (Dkt. # 1).  Specifically, he asks that this Court re-sentence him "to the same . . . sentence [his] co-defendant received."  (Dkt. # 5).

The Booker decision rendered the Sentencing Guidelines as advisory rather than mandatory.  Building on that decision, the Sixth Circuit determined that Booker does not apply retroactively to cases on collateral review because Booker announced a new rule of criminal procedure.  See Humphress, 398 F.3d at 860-863 (analyzing fully the non-retroactivity of Booker in the context of § 2255 petitions).

Accordingly, because Booker has not been made retroactive, the one-year period within which Petitioner could have filed his § 2255 motion began to run on the date his conviction became final.  28 U.S.C. § 2255; see, eg., Hyatt v. United States, 207 F.3d 831, 832 (6th Cir. 2000) ("28 U.S.C. § 2255 precludes a prisoner from filing a § 2255 motion

3

more than one year after the conviction becomes final."). Because Petitioner's conviction became final on January 15, 2002, he had one year, or until January 15, 2003, to file a motion under § 2255. Petitioner did not file the present § 2255 petition until January 9, 2007. As Petitioner did not file within that one year period, his petition must be denied.

## IV.    EVIDENTIARY HEARING

Finally, section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." See Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V.    CONCLUSION

For the reasons stated above, Petitioner's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED** and no hearing on the merits is warranted. Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c);  Fed.R.App.P. 22(b).

4

**IT IS SO ORDERED.**

<u>/s/ Peter C. Economus - March 1, 2007</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

5